

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　　　　　　*United States Courthouse, Suite 9200*
　　　　　　　　　　　　　　　　　　　　　　*1 Courthouse Way*
　　　　　　　　　　　　　　　　　　　　　　*Boston, Massachusetts 02210*

September 15, 2005

BY FACSIMILE AND MAIL

J. Thomas Kerner, Esq.
230 Commercial Street, 1st Floor
Boston, MA 02109

　　　Re:　United States v. Rafael Huerta, a/k/a "Pinto";
　　　　　　Cr. No. 05-10227-PBS

Dear Mr. Kerner:

　　　Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.　Rule 16 Materials

　　1.　Statements of Defendant under Rule 16(a)(1)(A)

　　　　a.　Written Statements

　　There are no relevant written statements of the defendant Rafael Huerta (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

　　　　b.　Recorded Statements

　　Other than the wire interceptions in this case, discussed below, there are no recorded statements of the defendant in the government's possession.

　　　　c.　Grand Jury Testimony of the defendant

　　The defendant did not testify before the grand jury.

    d.    <u>Oral Statements to then Known Government Agents</u>

The defendant made certain oral statements to officers on the day of his arrest that the government may use at trial. These statements are referenced in the reports previously provided to you. Other than answers to the standard booking questions that would have been posed to him after his arrest, and statements referenced in the reports previously produced in this case, I am presently unaware of any other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you at once.

2.    <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

I understand that you received a copy of the prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant, may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

Copies of the DEA-7 laboratory reports relating to the drugs seized in this case have been produced. Any additional laboratory reports received after the date of this letter will be forwarded to you when they are available.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits.

B.  <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Search warrants were obtained and executed at the following locations in regard to this case:

- 42 Wheatfield Street, Apr. #20, Dorchester, MA (Bates #292-332);

- 6123 Avalon Drive (Apartment), Weymouth, MA (Bates #333-371);

- 290 Quarry Street ("Avalon Summit"), Apt. 705, Quincy, MA (Bates #372-396); and

- 290 Quarry Street, Garage Door #9, Quincy, MA (Bates #397-421.

Copies of the applications, supporting affidavits, search warrants, and returns were provided to you by memorandum dated September 8, 2005.

Any items seized at the time of any search or seizure, and any items seized from the defendant at the time of his arrest, may be examined by appointment in accordance with paragraph 3 above.  Reports relating to the seizures of evidence in this case were previously provided to you by memorandum dated September 1, 2005.

C.  <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire communications, as defined in 18 U.S.C. § 2510, of the defendants relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. Specifically, on March 25, 2005, the Honorable William G. Young of the United States District Court for the District of Massachusetts issued an Order authorizing the interception of wire communications occurring to and from the following cellular telephone:  Nextel cellular telephone number (617) 590-5820, bearing International Mobile Subscriber Identifier ("IMSI") number 316010005473284, and Urban Fleet Mobile Identifier ("UFMI") or "direct-connect" number 180*44*1943, and any subsequently changed telephone number(s) assigned to the instrument bearing that IMSI or any changed IMSI(s) assigned to the same telephone number (the "Target Telephone"). Interceptions over the Target Telephone commenced on March 25, 2005, and were terminated on April 22, 2005.

On April 22, 2005, the Honorable William G. Young of the United States District Court for the District of Massachusetts issued an Order re-authorizing the interception of wire communications occurring to and from the Target Telephone (i.e., Nextel cellular telephone number (617) 590-5820, bearing International Mobile Subscriber Identifier ("IMSI") number 316010005473284, and Urban Fleet Mobile Identifier ("UFMI") or "direct-connect" number 180*44*1943). Interceptions over the Target Telephone commenced on April 22, 2005, and were terminated on May 19, 2005.

The government intends to offer communications of the defendants intercepted pursuant to these orders as evidence in its case-in-chief.

Copies of the application, affidavit, and order associated with the March 25, 2005, wiretap were previously provided by memorandum dated September 1, 2005. Copies of the application, affidavit, and order associated with the April 22, 2005, wiretap are being provided under separate cover.

By memorandum dated September 1, 2005, the government provided you with a compact disc containing (i) all of the so-called linesheets from the wiretaps in this case and (ii) all of the audio recordings of the intercepted calls in this case

As indicated during the detention hearing in this case, as well as in the attached reports, the DEA operated a pole camera at 290 Quarry Street, Apt. 705, Quincy, MA, for over 30 days. Both defendants were videotaped during the course of the pole camera. The government has approximately 70 videotapes from the pole camera, which operated 24 hours per day. These videotapes are available for your review at the U.S. Attorney's Office and may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time. In addition, if there are particular dates that you would like to get copies of videotapes for, please contact me and I will provide you with copies or make them available to you at a copy center.

During the course of the investigation the government obtained telephone toll information for several of the defendants. That information will be provided upon request.

D.  Consensual Interceptions under Local Rule 116.1(C)(1)(d)

As indicated in the affidavit in support of the March 25, 2005, wiretap order, a cooperating informant ("CI") made one consensually recorded call to defendant Brito-Melo. The government does not presently intend to use this call in its case in chief, nor does the government anticipate that the CI will testify at trial. A report concerning this call was previously produced to you. I am not aware of any other consensual interceptions in this case. If I become aware of any I will advise you of them immediately.

E.  Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

Although the reports, wiretap affidavits and wire interceptions, do indicate that the defendants were working in concert with other individuals (in addition to those named in the Indictment) in connection with their trafficking activities surrounding and including the transactions described in the Indictment, the government declines to identify those individuals at this time, pursuant to L.R. 116.6(A), and notes that certain information has been redacted from the documents previously provided to you.

F.  Identifications under Local Rule 116.1(C)(1)(f)

Images of the defendants -- primarily driver's license photos -- were used by law enforcement officers participating in the investigation. Identifications were made by surveillance agents who were personally familiar with targets of the investigation, and agents working on the case frequently reviewed videos and compared the image of the individual on the video to booking or other photographs of suspected targets. In addition, the defendants were identified during a car stop on the day of their respective arrests. All such procedures of which I am aware are described in the reports previously produced. All videos taken in this case are being made available in accordance with the procedures described in paragraph A.3.

G.  Exculpatory Evidence under Local Rule 116.2

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is aware of no evidence that would tend

directly to negate the defendants' guilt concerning any count in the Indictment.

2. The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government presently anticipates calling as part of its case-in-chief.

4. The government is unaware that any of its named case-in chief-witnesses has any criminal record or criminal cases pending.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H.   Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I.   Request for Alibi Information

Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offense or any of the meetings or conversations described in the documents previously produced.

Please do not hesitate to contact me if you have any questions about any of this information or wish to discuss this case.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By:  _____
     PETER K. LEVITT
     Assistant U.S. Attorney


cc:  Lisa Roland, Courtroom Clerk to Magistrate Judge
     Charles B. Swartwood III