UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10227-PBS

UNITED STATES OF AMERICA

v.

RAFAEL HEURTA
(aka ANGEL RIVERA)

## MEMORANDUM IN SUPPORT OF REVIEW OF DETENTION ORDER

The defendant has, pursuant to 18 U.S.C. § 3145(b) and 18 U.S.C. §3142(a)(1) and (2), requested the Court to enter an order that the defendant shall be released with conditions.

**FACTS AND PROCEDURE:**

The defendant contends that Sections I, II and III of the August 4 Order of Detention are accurate. The defendant adds that on July 7, 2005, when he consented to the search of a girlfriend's Saab, (See paragraphs 7 and 8 on pages 4-5 of the Order of Detention) he had been illegally detained for almost two hours without probable cause. His so called consent was not voluntary.

**ARGUMENT:**

    I    **THE MAGISTRATE JUDGE ERRED WHEN HE DETERMINED THAT THERE ARE NO CONDITIONS WHICH WILL ASSURE THE SAFETY OF THE COMMUNITY AND SECURE THE DEFENDANT'S RETURN TO COURT.**

The defendant acknowledges that the Magistrate Judge properly recited the law with respect determining whether there

are conditions which would reasonably assure the appearance of the defendant as required and the safety of the community.

The defendant did not dispute that he has been indicted for violating 21 U.S.C. § 846 by conspiring to violate 21 U.S.C. 841(a)(1) and that the conspiracy involved at least five kilograms of cocaine.  Accordingly, since 21 U.S.C. 841(b)(1)(A) applies, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the defendant poses a danger to the community and is a risk of flight.  The defendant argued that the evidence against him was not weighty.  More importantly, as required by 18 U.S.C. 3142(g), the defendant tendered conditions which rebutted the presumption that if released he would pose a danger to the safety of the community and be a risk of flight.  The court can be assured that the defendant will not pose a risk to the community and will return to court when required.  The defendant contends that when considering the § 3142(g)factors, it is clear that the defendant's suggested conditions of release are adequate.

At the detention hearing the defendant could not contest that he had been indicted for conspiring to distribute at least five grams of cocaine.  If convicted, he would be subject to a minimum of 10 years up to life in prison.  The government informed the court, through a DEA Special Agent, that the government's evidence consisted of drugs seized from an

apartment searched pursuant to a warrant.  The warrant was issued after the law enforcement officers discovered drugs in a motor vehicle the defendant had been operating, a blue Saab.  The Saab was searched pursuant to permission the government claims was given by the defendant.  The problem with the government's case is that the defendant did not give permission voluntarily.  He was illegally detained by the government for upwards to two hours before he was forced to permit the search of the Saab.  Even Magistrate Judge Swartwood acknowledged that Mr. Heurta "may have grounds to argue for suppression of the cocaine confiscated from the blue Saab, ..."  (Order of Detention, p. 11)

The defendant is a Dominican National, who has resided in the United States for eight years.  He is married to an American citizen Fremia Aualo, DOB 1/9/80.  He currently is unemployed but worked for five years in a market in Dorchester until the market went out of business.  Mr. Heurta has no criminal record.  The defendant does not dispute his history and characteristics, contained in Section V(A) (pp. 9-11) of the Order of Detention.

**Conditions of Release:**

Mr. Heurta has recommended conditions of release which include home detention in his wife's Lawrence, Massachusetts home at 4 Mammoth Street, Apt 2, subject to electronic monitoring and secured by reasonable bond, $10,000.

The defendant's wife is willing to serve as a third party custodian of the defendant.  Additionally, the defendant should report as often as the court deems necessary to federal pretrial services.

These conditions of release would guarantee the safety of the community and assure the court that the defendant would return to court when required.

**CONCLUSION:**

The defendant respectfully requests that this Honorable Court order that the defendant shall be released with conditions.

**DEFENDANT'S ADHERENCE TO LOCAL RULE 7.1**:

The defendant's attorney complied with Local Rule 7.1 by calling the government's attorney to inform the government that defense counsel intended to file this motion.  The parties could not reach an alternative agreement.

**REQUEST FOR ORAL ARGUMENT:**

The defendant requests that the Court conduct hearing on this motion at the Court's earliest convenience.

                                      **Respectfully Submitted,**
                                      **RAFAEL HEURTA,**

                                      **By his attorney:**

                                      _____
                                      **J. THOMAS KERNER**
                                      **MA BBO # 552373**
                                      **Attorney at Law**
                                      **230 Commercial Street**
                                      **Boston, MA  02109**
                                      **(617) 720-5509**

## **AFFIDAVIT OF COUNSEL**

     Now comes J. Thomas Kerner and attests that the facts contained in the defendant's memorandum are true and accurate to the best of my knowledge.

     Sworn to under the pains and penalties of perjury on this 22nd day of September, 2002.

                                      _____
                                      **J. THOMAS KERNER**
                                      **MA BBO # 552373**