UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>        v.           )<br>  )<br>ANGEL RIVERA, a/k/a "Pinto", )<br>  a/k/a "Hector Colon", a/k/a )<br>  "Rafael Anselmo Huerta Soto")<br>  Defendant.        ) | CR. NO. 05-10227-PBS |

OPPOSITION OF THE UNITED STATES TO
DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

Following an evidentiary hearing, U.S. Magistrate Judge Swartwood made the following rulings: (1) that the government had shown, by a preponderance of the evidence, "that there are no conditions or combination of conditions that I may impose that assure Mr. Huerta Soto's appearance in this Court as required"; and (2) that, under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Huerta Soto or the safety of the community if he were released" and "Mr. Huerta Soto has not produced nor proffered any credible evidence on his own behalf to rebut this presumption." Memorandum and Order on Government's Motion for Detention, dated August 4, 2005 (hereinafter "Detention Order"), at 12-14.[1] The Court thus found both that the defendant presents a risk of flight and that his release would present a danger to the community, and therefore

---

[1] At the detention hearing, the government introduced the testimony of DEA Special Agent Mark Tully. The defendant presented no evidence whatsoever.

ordered the defendant detained pending trial.  Magistrate Judge Swartwood's conclusions are supported by the record and the defendant's motion to revoke should therefore be denied.

**A.    <u>The Defendant is a Serious Flight Risk</u>**

In his motion, the defendant does not refute any of the Magistrate Court's factual findings regarding risk of flight.  Indeed, the defendant explicitly states that he does not dispute those findings.  Deft's Memo. at 3.  The Court's findings, as summarized below, show that Huerta is a serious flight risk.  Indeed, based on the factors listed below, Magistrate Judge Swartwood concluded that "Mr. Huerta Soto has little or no incentive to remain in this country to face the charges pending against him."  Detention Order at 14.  In summary, the Court relied on the following factors, which are undisputed by the defendant,[2] in concluding that there are no conditions or combination of conditions that will assure Huerta's appearance in the Court.

(1) The Court noted that Huerta is an illegal alien and, if convicted, faces a mandatory minimum sentence of 10 years, and a maximum of life, and "certain deportation following that conviction."  Detention Order at 13.

---

[2] In his memorandum, the defendant stated that he "does not dispute his history and characteristics", as detailed in the Detention Order.

(2) The Court noted that, "[w]hile Mr. Huerta Soto is married to an American citizen, the couple are not presently living together and do not appear to have a close relationship." Id.  The Court also noted that they have no children together and that, when interviewed by pretrial, Huerta's wife "knew little personal information about" Huerta, "stated that he only stayed with her and her family on occasion, and she did not know where he stayed when he was not with her (she has never been to his apartment)."  Id. at 10 n.3.[3]

(3) The Court noted that "Huerta Soto has used at least two aliases, 'Hector Colon' and 'Angel Rivera', for which he has possessed official photo identifications (a Massachusetts and new Hampshire license)."  Id. at 11, 13.

(4) The Court noted that, until 2002, Huerta traveled regularly between the United States and the Dominican Republic, where his mother and two brothers reside.  Id. at 13.

(5) The Court noted that Huerta's family owns a house in Spain and an apartment in the Dominican Republic.  Id. at 11.

In his motion, the defendant does not argue that the government failed to prove risk of flight by a preponderance of the evidence.  The defendant devotes one paragraph to the flight risk issue and simply states that his wife -- the same person who

---

[3] This is the person the defendant now offers as a third-party custodian.

-3-

knew little personal information about him, had never been to his apartment, and with whom he stayed with off and on -- would act as third party custodian, and that he could put up $10,000 bond. But these conditions do not address the Magistrate Court's finding that the government had proven, by a preponderance of the evidence, that no conditions or combination of conditions would assure Huerta's appearance in Court.[4]

The defendant has strong incentive to flee.  He is a citizen of the Dominican Republic, in this country illegally.  He faces a mandatory minimum ten year sentence and deportation.[5]  He has little to no contacts in the United States.  His mother and two brothers live in the Dominican Republic, his sister lives in Spain, and his family owns a house in Spain and has an apartment in the Dominican Republic.  The defendant also has the wherewith-all to flee.  During the course of the investigation of this case, Huerta used two different aliases, complete with false driver's licenses, bank accounts, and other forms of apparent legitimacy.

---

[4] The factors to be considered in evaluating risk of flight are set forth at 18 U.S.C. § 3142(g) generally include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the seriousness of the danger to the community should the defendant be released.

[5] As noted below, seven kilograms of cocaine and a loaded handgun were seized from his apartment pursuant to a search warrant.

The government plainly met its burden of demonstrating, by a preponderance of the evidence, that no condition or combination of conditions would assure the presence of the defendant at future court proceedings.  The defendant has done nothing to refute the Magistrate Court's finding in that regard.

**B.    The Defendant is a Danger to the Community**

The gravamen of the defendant's argument on this point is that he claims that he has good grounds to suppress the seven kilograms of cocaine, the loaded handgun, the $50,000 in cash, and the drug trafficking paraphernalia that agents found, pursuant to a search warrant, in his apartment.[6]  In support of this argument, the defendant notes: "Even Magistrate Judge Swartwood acknowledged that Mr. Huerta Soto 'may have grounds to argue for suppression of the cocaine confiscated from the blue Saab, . . .'"  Deft's Memo. at 3.

The defendant neglects to include the rest of the sentence. Here is what Magistrate Judge Swartwood actually said: "Furthermore, while Mr. Huerta Soto may have grounds to argue for suppression of the cocaine confiscated from the blue Saab, *the Government has presented strong evidence obtained independent of the traffic stop which would have justified the issuance of a search warrant for the Target Apartment*."  Detention Order at 11

---

[6] Special Agent Tully testified that the loaded handgun, with a round in the chamber ready to be fired, was found under the night stand of the defendant's bed.

-5-

(emphasis added).

In any event, the potentiality of a suppression issue is irrelevant to the question of dangerousness. The question is whether the defendant is a danger to the community -- or, more precisely, whether the defendant has rebutted the presumption that he is a danger to the community. Even aside from the presumption, the Court made sufficient independent findings establishing the defendant's dangerousness.[7]

First, the Court found that the defendant was "intercepted and recorded in a large scale drug conspiracy for the sale and distribution of cocaine." Detention Order at 13. Second, the Court found that, "[i]n the Target Apartment, which is clearly linked to Mr. Huerta Soto, law enforcement officials seized approximately seven kilograms of cocaine, a loaded gun, Fifty Thousand U.S. Dollars and items used in the packaging and distribution of illegal drugs." Id. at 12. The Court concluded: "Therefore, I find that the weight of the evidence against Mr. Huerta Soto is substantial."

---

[7] Magistrate Judge Swartwood found that the defendant "has not produced nor proffered any credible evidence on his own behalf to rebut this presumption." Detention Order at 12. Since the defendant still has not produced any evidence to the contrary, the Court can deny the motion based solely on the presumption.

For all of the foregoing reasons, the defendant's motion to revoke the order of pretrial detention should be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>
>United States Attorney
>
>/s PETER K. LEVITT
>By: PETER K. LEVITT
>Assistant U.S. Attorney

October 31, 2005