UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10227-PBS

UNITED STATES OF AMERICA

V.

RAFAEL HEURTA

MOTION CONTINUE TRIAL

Now comes defendant Rafael Heurta and moves this Honorable Court to enter an order continuing the trial to a date after November 23, 2006 (Thanksgiving) which is convenient to the parties and the Court.[1]  In support of this motion, the defendant contends that on October 13, 2006, the United States advised the defendant that it intends to call as an expert witness in the field of fingerprinting guns, Massachusetts State Police Detective Lieutenant Kenneth F. Martin.  Det. Martin is expected to offer an opinion which will explain why the government never tested the firearm for fingerprints.  The defendant now intends to hire his own expert to explain why the government should have at least tested the firearm for fingerprints.

Between October 13, 2006 and October 16, 2006, defense counsel had to prepare for a multi-defendant trial in the matter

---

[1] Government counsel is scheduled to begin a six-week jury trial (<u>United States v. Michael Griffin</u>, No. 03-10404-NG) on December 4, 2006, and therefore requests a trial date after January 22, 2007.

of <u>Commonwealth v. Pedro Colon</u>, Suffolk County Indictment SUCR2005-10846, which was scheduled for October 16, 2006 and which resulted in a plea in the afternoon of October 16, after the trial judge addressed motions *in limine* and just before jury selection was to begin.  On October 25, 2006 defense counsel will be out of his office attending to personal matters.  On October 26 and 27, defense counsel will be attending a National Association of Criminal Defense Lawyers seminar.

Accordingly, it will be quite difficult, if not impossible, for defense counsel to hire and consult with a fingerprint expert prior to October 30, 2006.  Defense counsel cannot even determine whether he will be able to hire an expert who is available for the scheduled trial.[2]

The government does not oppose this request.  It is the defendant's and the government's position that no time between October 30, 2006 and any rescheduled trial date should count for purposes of determining whether the defendant has received a speedy trial.

---

[2] The defendant notes that he has indicated that he will plead guilty to Count 1 of the indictment.  Count 1 has a mandatory minimum sentence of ten years.  Even if the defendant qualifies for relief from the mandatory minimum pursuant to § 5C1.2 of the Federal Sentencing Guidelines, his Guideline sentence will be 70 to 87 months.  The defendant has been detained only since July 2005  Accordingly, the defendant will suffer no prejudice from a continuance to a date in 2007.

        **Respectfully Submitted,**
        **RAFAEL HUERTA,**
        **By his attorney:**

        _____
        **J. THOMAS KERNER**
        **MA BBO # 552373**
        **Attorney at Law**
        **343 Commercial St., Unit 104**
        **Boston, MA  02109**
        **(617) 720-5509**