UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-CR-10227-PBS

UNITED STATES OF AMERICA

V.

RAFAEL HEURTA

MOTION CONTINUE RULE 11 HEARING

    Now comes defendant Rafael Heurta and moves this Honorable Court to enter an order continuing the Rule 11 hearing and final status conference scheduled for October 20, 2006 to October 30, 2006, the scheduled trial date.  This request is made in conjunction with the request to continue the trial date.  It is the government's position that, absent a trial continuance, the Rule 11 hearing should take place as scheduled, on October 20, 2006, or, at the latest, on October 23, 2006.

    In support of this motion, the defendant contends that it is his intent, pursuant to F.R.Crim.P. 11, to plead guilty to the pending drug charges, Count 1 of the Indictment.  Recently, the United States has offered to dismiss Count 2 of the indictment which alleges a violation of 18 U.S.C. § 924(c)(1), provided the defendant stipulates that, with respect to Count 1, a dangerous weapon was possessed as per § 2D1.1(b)(1) of the Federal Sentencing Guidelines.  This offer by the government represents a compromise which would relieve the defendant from

the possibility of a mandatory-minimum fifteen year prison term.[1] The government's offer would additionally, foreclose the possibility of receiving relief from the applicability of the statutory minimum sentence of ten years for his conviction on Count 1.  If the defendant accepts this offer, it would obviate the need for a trial in this case.

The offer was approved late in the afternoon of Tuesday, October 17 by the United States Attorney and has yet to be communicated to the defendant by his attorney.  Defense counsel is unable to meet with the defendant, with an interpreter where he the defendant is confined, prior to October 20.  Even if defense counsel and the defendant are able to consult during the morning of October 20, defense counsel knows that the defendant will not be able to decide whether to accept the government's compromise plea offer without first talking to his family.

The government does not oppose this request, provided, as noted above, that the trial date is also continued.  It is the defendant's and the government's position that no time between October 20, 2006 and any rescheduled Rule 11 hearing should count for purposes of determining whether the defendant has received a speedy trial.

---

[1] The fifteen year prison term would consist of a five year sentence pursuant to 18 U.S.C. §924(c)(1)(A)(I) on Count 2 consecutive to a ten year statutory minimum sentence pursuant to 21 U.S.C. 841(b)(1)(A) on Count 1.

        Respectfully Submitted,
        RAFAEL HUERTA,

        By his attorney:


        _____
        J. THOMAS KERNER
        MA BBO # 552373
        Attorney at Law
        343 Commercial St., Unit 104
        Boston, MA  02109
        (617) 720-5509