```
            UNITED STATES OF AMERICA
                 DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

CRIMINAL NO. 05-CR-10227-PBS

UNITED STATES OF AMERICA

V.

RAFAEL HEURTA

## MOTION TO DISMISS COUNT 2

Now comes Angel Rivera (real name Rafael Heurta) and pursuant to F.R.Crim.P. 12(b)(2) and (3) moves this Honorable Court to dismiss Count 2 of the indictment, which alleges a violation of 18 U.S.C. §924(c)(1)(A).

## MEMORANDUM

It is the defendant's contention that §924(c) is merely a sentencing factor with respect to the criminal charges in Count 1 to which the defendant shall plead guilty. The defendant may waive his right to have a jury decide whether the sentencing factors of §924(c) apply and have the Court decide beyond a reasonable doubt, whether §924(c) applies. United States v. Laureano-Velez, 424 F.3d 38 (1st Cir. 2005) (once a defendant pleads guilty, the government may seek judicial sentence enhancements so long as the defendant consents to judicial fact finding); citing Blakely v. Washington, 542 U.S. 296, ___, 124 S.Ct. 2531, 2541 (2004). Because the sentencing provisions of §924(c) are mandatory -- not advisory like the Federal

Sentencing Guidelines -- the defendant is entitled to have the sentencing factors decided beyond a reasonable doubt.  <u>Blakely</u>, at 2541.

Further, since the determination as to whether the sentencing factors of §924(c) apply does not require a trial, the government's consent, as per F.R.Crim.P. 23(a)(2), is not required.  <u>Laureano-Velez</u>, at 40 (defendant, without government consent, waived right to jury determination of §924(c) factors).  The only difference between the sentencing factors of §924(c) and §924(e) are that the prior convictions factors addressed in §924(e) need not be proven beyond a reasonable doubt due to their presumed reliability.  <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); <u>see</u> <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that <u>Almendarez-Torres</u> remains binding law).  There is no question that the sentencing factors of §924(e) may be decided by the Court during a hearing pursuant to F.R.Crim.P. 11.

Accordingly, Count 2 of the indictment should be dismissed.  The Court should determine beyond a reasonable doubt during a Rule 11 hearing whether the sentencing provisions of §924(c) apply and sentence the defendant accordingly.

>Respectfully Submitted,
>RAFAEL HEURTA,
>
>By his attorney:
>
>
>_____
>J. THOMAS KERNER
>MA BBO # 552373
>Attorney at Law
>230 Commercial Street
>Boston, MA  02109
>(617) 720-5509